Louis HAMILTON et al.,
Plaintiffs-Appellees,

v.

Ernest N. MORIAI, Mayor et al.,
Defendants-Appellants.

Louis HAMILTON et al.,
Plaintiffs-Appellees,

v.

Ernest N. MORIAl, Mayor of the City of New Orleans et al.,
Defendants-Appellees.

Oliver HOWARD et al.,
Plaintiffs-Appellees,

v.

C. Paul PHELPS et al.,
Defendants-Appellants.

Nos. 80–3392, 81–3111 and 81–3146.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 21, 1981.

Galen S. Brown, Deputy City Atty., New Orleans, La., for Morial et al.

Luke Fontana, New Orleans, La., Mark Moreau, New Orleans, Legal Assistance Corp., New Orleans, La., for Hamilton et al.

J. Marvin Montgomery, Asst. Atty. Gen., La. Dept. of Justice, Baton Rouge, La., for Phelps et al.

R. James Kellogg, Robert M. Hearin, Jr., New Orleans, La., for Howard et al.

Richard F. Knight, R. Bradley Lewis, Bogalusa, La., for Robert Lyons.

Before CHARLES CLARK and RANDALL, Circuit Judges, and SHARP *, District Judge.

* District Judge for the Northern District of Indiana, sitting by designation.

PER CURIAM:

In Cause No. 81–3146, C. Paul Phelps, Secretary of the Louisiana Department of Corrections, has moved this court to issue a writ of supervisory mandamus to stay further proceedings in federal district courts within the State of Louisiana dealing with interrelated issues of unconstitutional overcrowding in the state penitentiary, parish prisons, and parish and city jails. A panel of this court previously granted the stay pending appeal and ordered consolidation of the above-styled and numbered related causes now pending in this court. The court has heard argument of counsel in the consolidated actions.

This court has previously dealt with conditions in Louisiana prisons. In *Williams v. Edwards*, 547 F.2d 1206, 1219 (5th Cir. 1977), this court approved the judgment of the United States District Court for the Middle District of Louisiana which imposed a limit on the prison population of the Louisiana State Penitentiary at Angola, based upon available space of 80 square feet per inmate, but remanded the action for further consideration of a maximum inmate population for the institution in light of a more complete record which was to be developed. We cautioned that these remand procedures should be accomplished as soon as possible to alleviate the backup of prisoners in parish jails and in other forwarding institutions. Our opinion further specifically directed the district judge's attention to overcrowded conditions in the Orleans Parish and Washington Parish prisons, then and now the subject of pending appeals. See note 9, 547 F.2d at 1219. A maximum limit on the number of inmates was ultimately placed on the Angola Penitentiary. In *Hamilton v. Landrieu*, Docket No. 77–2087, we received reports from the United States District Court for the Middle District of Louisiana, and the United States District Court for the Eastern District of Louisiana regarding the interrelation of then pending state penitentiary and parish prison and jail

litigation. The report of the Eastern District, dated July 11, 1977, concluded with the following paragraph:

Finally, with the plethora of similar prison cases that are clogging the dockets of the Eastern, Middle and Western Districts of Louisiana, we would urge that the Appellate Court, if at all possible, designate one Court in the State of Louisiana to handle all prison cases, thus eliminating possible conflicts or interpretations as conflicts between the various courts.

The report of the Middle District of Louisiana, dated eight days later, disagreed. No consolidation was effected. The petitioner in this case represents that at the present time 25 Louisiana parish jails either are subject to pending suits concerning or are under court orders imposing limits upon jail populations.

We conclude that litigation in the United States District Courts in the State of Louisiana seeking to protect the constitutional rights of inmates in the state penitentiary, parish prisons and all jails throughout the state due to overcrowded conditions must be considered as a unified whole and not in piecemeal fashion. If coordinated consideration and a unified judicial overview at the trial level is not provided, adequate constitutional protection cannot be accorded either by district courts through individual adjudications or by this court through episodic review of separate cases. The backup of state prisoners in local prisons and jails caused by limits imposed to protect against overcrowding at the state penitentiary may deprive local prisoners of constitutional rights in those prisons and jails. The expense of housing state prisoners in local institutions and the financial burden of providing for their boarding and care impose improper capital costs and operating expenses on local governmental institutions. The alternative of releasing or not imprisoning dangerous criminals is equally unacceptable.

To this time, the Courts have limited relief from unconstitutional overcrowding to prohibitory injunctive measures. The Louisiana legislature, which is now in session, is the political body which can and should deal affirmatively to effect critically needed changes in the entire system. The legislature is in the best position to determine whether and where to provide additional inmate housing or whether and how to establish alternatives to imprisonment for non-violent offenders or both. Working with a single Court will enable the executives charged with administration of these institutions to best advise lawmakers where constitutional minimums will require changes. The magnitude and seriousness of the problem bring with them a challenge to Louisiana to lead the nation in finding the best answers. Consolidating all court actions allows the issues that will not go away to be squarely faced without harassment.

Congress has given this court authority to issue writs of mandamus: "All courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

▮ This court has jurisdiction to entertain the petition for supervisory writ of mandamus in these cases because of the necessity to achieve proper judicial administration in the federal system. *LaBuy v. Howes Leather Co.*, 352 U.S. 249, 259, 77 S.Ct. 309, 315, 1 L.Ed.2d 290 (1957). *See also United States v. Denson*, 603 F.2d 1143 (5th Cir. en banc 1979); *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977); Wright, Miller, Cooper & Gressman, Federal Practice and Procedure, Jurisdiction § 3934; 9 Moore's Federal Practice ¶ 110.28. This situation is one that involves extraordinary circumstances which permit extraordinary action. *Koehring Co. v. Hyde Const. Co.*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966). "A part of the extraordinary nature of what is before us is the compelling need to settle a new issue so that it can become only an ordinary issue." *United States v. Hughes*, 413 F.2d 1244, 1249 (5th Cir. 1968), *vacated as moot*, 397 U.S. 93, 90 S.Ct. 817, 25 L.Ed.2d 77 (1970).

Under 28 U.S.C. § 1651, the court of appeals must have an independent basis of jurisdiction for the issuance of a writ of mandamus and that the "writ must issue 'in aid of' that jurisdiction." Wright, Miller, Cooper & Gressman, Federal Practice and Procedure, Jurisdiction § 3932 at 188. The first requirement is met here. While the plaintiffs argue that the appeal in No. 81–3146 is moot and that the order appealed from is non-appealable, there is no dispute that we have independent jurisdiction in the other causes. Further, we will be able to entertain appeals in *Howard v. Phelps* at some future stage of the proceedings. Thus, we have power "in proper circumstances . . . to issue writs of mandamus reaching" that case. *LaBuy v. Howes Leather Co.*, 352 U.S. 249, 255, 77 S.Ct. 309, 313, 1 L.Ed.2d 290, 296 (1957). That the issuance of the writ will aid our jurisdiction is certain. That it will enable the district court to make and us to enforce a just and consistent judgment in these interrelated cases is equally certain. No other adequate means is available to attain the relief desired. *Allied Chemical Corp. v. Daiflon, Inc.*, ⸺ U.S. ⸺, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). The coordinated procedures we must require here cannot be achieved through review in the course of subsequent appeals. *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958 (5th Cir. 1980).

 To achieve justice under the circumstances,[1] our order must extend to every court under our supervision wherein the problem exists or may arise. We direct any United States district court in the Fifth Judicial Circuit which now has an action pending before it or in which a future action may be filed seeking to alleviate crowded conditions in the Louisiana State Penitentiary, or any prison or jail operated or maintained by any political subdivision of the State of Louisiana which is or may be affected directly or indirectly by an order of a United States district court limiting inmate population, to transfer such pending or future action to the United States District Court for the Middle District of Louisiana. The Chief Judge of that court is directed to cause all such actions pending in or transferred to his district to be assigned to a single judge for consideration and disposition. The judge to whom such actions are assigned may determine whether all or any part of such actions shall be consolidated for hearing or disposition and whether any portions of such actions not dealing with or affected by limitations on inmate population should be transferred back to the district from which it was transferred.

---

1. "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106.