IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-3559

_____

HAYES WILLIAMS ET AL.,

                    Plaintiffs-Appellees,

v.

JOHN J. MCKEITHEN, ET AL.,

                    Defendants,

WILLIAM BELT, Sheriff of
Avoyelles Parish,

                    Movant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____

(June 4, 1992)

Before HILL,[*] KING and DAVIS, Circuit Judges.

PER CURIAM:

Appellant William Belt, Sheriff of Avoyelles Parish, challenges the denial of his February 1991 motion to vacate the district court's September 1990 order directing Ross Maggio, Jr., a court-appointed expert, to inspect certain conditions of confinement in Louisiana parish jails, including the Avoyelles

_____

[*] Senior Circuit Judge of the Eleventh Circuit, sitting by designation.

Parish jails.  Concluding that the district court did not abuse its discretion in denying the motion, we affirm.

This appeal relates to Louisiana's ongoing prison litigation.  In Williams v. Edwards, 547 F.2d 1206 (5th Cir. 1977), we affirmed the district court's judgment that Louisiana's prison system was constitutionally deficient.  Following that decision, the Louisiana Department of Corrections attempted, pursuant to court order, to develop a comprehensive plan for bringing the state prison system into compliance.  Incident to that plan, the Department of Corrections called upon many of the Louisiana cities and parishes to house convicted state inmates to help alleviate overcrowded conditions in the state facilities. As state prisoners began to arrive in numbers at local jails, federal court suits ensued complaining of overcrowding.  In response, this court, in Hamilton v. Morial, 644 F.2d 351 (5th Cir. 1981), ordered that all federal litigation pending or to be filed against state, parish or local prison facilities relating directly or indirectly to inmate population issues be consolidated in the United States District Court for the Middle District of Louisiana. Id. at 354.  Subsequently, all Louisiana city and parish jails entered into stipulations and consent decrees to adhere to specified population limits.

As this court recently noted, neither Sheriff Belt nor Avoyelles Parish was a party to the Edwards litigation.  Williams v. McKeithen, 939 F.2d 1100, 1105 (5th Cir. 1991). We are advised, and we accept, that there has never been an adjudication

of unconstitutional conditions of confinement at the Avoyelles Parish jails.  Nevertheless, Avoyelles Parish is a party to a Stipulation and Consent Decree ("Avoyelles Parish Consent Decree") which sets inmate population limits in the various Parish facilities, determines the number of guards required to be on duty and agrees that the state fire marshal and health officer may enforce in state court the rules and regulations of their respective offices.  That Decree is signed by the Sheriff, the fire marshal and the health officer.  Significantly for present purposes, it is specifically approved as "the order of this Court" by the United States District Court for the Middle District of Louisiana, and it was entered on the docket of that court on September 9, 1982.  That Decree has been amended periodically to update the population figures.

The order of the United States District Court for the Middle District of Louisiana that is complained of here ("September 1990 Order") is, like the Avoyelles Parish Consent Decree, a model of brevity.  It provides that, in order to update the consent decrees at the various parish jails, the Court's expert, Ross Maggio, Jr., shall make an inspection of each parish jail to determine the number of inmates which may be housed in the jail on a permanent basis, the number of guards and support personnel that may be required in the jail, whether any repairs or other renovations are required to meet fire, health and constitutional standards and any other information which would aid the court in setting population limits at the jail.

3

Sheriff Belt and Avoyelles Parish take issue with the September 1990 Order on the grounds that the entry of the Avoyelles Parish Consent Decree did not give to the district court jurisdiction over Sheriff Belt and Avoyelles Parish. They argue that the Avoyelles Parish Consent Decree does not enable the district court to assert general supervisory authority over the Parish jails or permit even more limited supervisory authority over inmate population limits or guard-to-inmate ratios in the absence of a finding of violations of the consent decree.

We disagree. Whatever may be the case about jurisdiction over Sheriff Belt and Avoyelles Parish generally, a matter which we need not address, the Avoyelles Parish Consent Decree does permit the entry of the September 1990 Order which is designed for the narrow purpose of monitoring compliance with the Decree.

The district court did not abuse its discretion in denying the motion to vacate the September 1990 Order.

AFFIRMED; STAY VACATED.  MANDATE ISSUED FORTHWITH.