POLITZ, Chief Judge:
The Hamilton plaintiffs appeal the district court’s order vacating and rescinding consent decrees setting inmate populations and guard-to-prisoner ratios at parish correctional facilities. For the reasons assigned, we dismiss this appeal for lack of jurisdiction.
BACKGROUND
For nearly three decades federal courts have been required to address problems in the operation of the Louisiana prison system. In 1969 a class action, Hamilton v. Schiro,[1] was filed in the Eastern District of Louisiana challenging conditions in the New Orleans Parish Prison. In April 1970, the trial court found that the prison conditions were unconstitutional and issued a remedial decree, including a prisoner population cap. Over the years, as new jails were built in Orleans Parish, the plaintiff class was expanded to include prisoners in the other facilities and population caps were set for same.
In 1971, four inmates in the Louisiana State Penitentiary at Angola filed suit in the Middle District of Louisiana, claiming that their conditions of confinement were unconstitutional. This action, Williams v. Edwards, [2] was treated as a de facto class action for both the inmates at Angola and the inmates housed in facilities operated by the State of Louisiana Department of Corrections.[3] In April 1975, the district court adopted a Special Master’s report and found that the conditions of confinement violated the Constitution resulting in injunctive relief, including a prisoner population cap. This *369 cap ultimately was imposed on all relevant facilities.
Thereafter, the DOC sought, pursuant to court order, the development of a comprehensive plan for bringing the state prison system into full compliance. Incident to that plan, the DOC secured' the cooperation of the Louisiana parishes and cities to house inmates sentenced to state confinement to help alleviate overcrowded conditions in the state prison facilities. As state prisoner numbers increased in local jails, federal actions were filed, complaining of overcrowding. To avoid the spectre of inconsistent decrees, in Hamilton v. Morial,[4] we ordered that all federal litigation then pending or subsequently filed against state, parish or local prison facilities, relating directly or indirectly to inmate population issues, be consolidated in the Middle District of Louisiana. Thereafter, officials in charge of the many Louisiana state, parish, and city facilities entered into stipulations and consent decrees specifying, inter alia, population limits and offieer-to-prisoner ratios. Since 1981, these facilities continuously have been under the judicial oversight of Judge Frank J. Polozola of the Middle District of Louisiana, and the population caps and officer-to-prisoner ratios have been revised as conditions warranted.
In March 1994,-the State and the Sheriffs executed an agreement entitled “Basic Jail Guidelines” in their effort to ensure that the prison system in Louisiana would operate consistent with the Constitution and laws of the United States and of the State of Louisiana. On September 26, 1996, a Petition for Order Approving Settlement for Purpose of Terminating Consent Decrees was filed in the court a quo by class counsel for the Williams plaintiffs and counsel for the Governor and the Secretary of the DOC, seeking a final resolution of the litigation between them. The Petition Agreement stated that the Williams parties had agreed to the “dismissal of all consent decrees” for all state, parish, and city facilities housing DOC inmates, except the Louisiana State Penitentiary at Angola and specified juvenile detention facilities, effective April 1, 1997, and they requested the court’s aid in effectuating their agreement. Included with the Petition Agreement was a letter from counsel for the Sheriffs, requesting that all consent decrees pertaining to parish facilities be vacated effective April 1,1997. Following a hearing on September 26, 1996, the court.approved the settlement and entered three orders consistent therewith. For ease of review, copies of these three orders are attached hereto as Exhibits B (state), C (parish), and D (city).
On October 23, 1996, the Hamilton plaintiffs filed a Motion to Reconsider and Vacate Orders of September 26th. The Hamilton plaintiffs contended that the issuance of the September 26th orders violated their fundamental rights to due process because they were not included in the negotiations resulting in the Petition Agreement and Sheriffs’ Order, were not given notice of their filing, were not signatories thereto, and were not present when they were presented to and approved by the court. The Hamilton plaintiffs informed the court that they did not consent to the dismissal of the population cap consent decrees affecting the facilities covered by the Hamilton litigation, and did not authorize counsel for the plaintiffs to act as their counsel or to represent their interest. The State responded by moving dismissal of the Hamilton plaintiffs’ motion because they were not parties to the suit in which the orders, were entered.
The Hamilton plaintiffs responded, contending that they were parties and asking, in ■ the alternative, that they be allowed to intervene. Judge Polozola denied both the State’s motion to dismiss and the Hamilton plaintiffs’ motion to reconsider. The Hamilton plaintiffs appealed this order and Sheriff Charles C. Foti of Orleans Parish moved to dismiss the appeal. We granted that motion.
On April 1, 1997 the district court entered an order finally releasing all state facilities, with the exception of five institutions including the Louisiana State Penitentiary at Angola, from further supervision and reporting requirements and, in doing so, noted that it earlier had released all parish and local facilities from further' supervision and reporting requirements. A copy of that order is at *370 tached hereto as Exhibit E.[5] On April 30, 1997 the Hamilton plaintiffs filed a notice of appeal from the April 1, 1997 order. The Sheriffs seek dismissal of this appeal. That motion was ordered carried with the case and is thus outstanding.
ANALYSIS
Before addressing the merits of this appeal, we must first determine the threshold issue of our appellate jurisdiction, on our own motion, if necessary. The Sheriffs contend that this appeal involves a non-appealable interlocutory order of the district court. We cannot accept that contention.
The relevant statute, 28 U.S.C. § 1292(a)(1) provides that the courts of appeals shall have jurisdiction of appeals from “[¡Interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.” Consent decrees are “injunctions” within the meaning of section 1292(a)(1).[6] It is clear that the Hamilton plaintiffs challenge the order vacating the consent decrees affecting the Orleans Parish facilities. The parties dispute, however, whether the September 26, 1996 order or the April 1, 1997 order is the relevant, dispositive order. That relevant dispute aside for the moment, the challenged order explicitly dissolved injunc-tive relief by vacating the population cap consent decrees for the parish facilities. Accordingly, the order clearly is appealable under 28 U.S.C. § 1292(a)(1).
A close review of the record in this appeal, aided by the briefs and oral arguments of counsel, leads inexorably to the conclusion that the September 26th order is the disposi-tive order herein. It states, “IT IS ORDERED that each and every consent decree entered by this court pertaining to inmate population and guard-to-prisoner ratio at any facility operated by or under the authority of any Sheriff, appearing hereinbelow ... are hereby VACATED, RESCINDED and are without further effect as of April 1, 1997.”[7] It cannot be gainsaid that this order vacates and rescinds the consent decrees effective April 1st; it is self-executing and does not merely await the entry of another order to be issued on April 1st.[8]
*371 The Hamilton plaintiffs did not timely appeal the September 26th order. The requirements of Rule 4 are both clear and mandatory.[9] An appellant has 30 days from the entry of a final judgment in which to appeal. On October 23, 1996, 27 days after the entry of the order vacating the population caps, the Hamilton plaintiffs filed a Motion to Reconsider and Vacate Orders of September 26th. This motion did not toll the time for filing a notice of appeal.[10] The Hamilton plaintiffs did not file a notice of appeal until December 20, 1996, almost three months after the entry of the September 26th orders. Thus, their appeal was untimely.[11]
Although the Hamilton plaintiffs filed a notice of appeal within 30 days after entry of the April 1st order, it is manifest that it is the September 26th order of which they complain. They cannot now revive an appeal of the earlier final order by appealing the April 1st decree.
This court lacks appellate jurisdiction and the appeal must be and is DISMISSED.
APPENDIX
EXHIBIT A
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
HAYES WILLIAMS, ET AL
VERSUS
JOHN MCKEITHEN, ET AL
CIVIL ACTION NUMBER 71-98-B
May 27, 1993

ORDER

To avoid any confusion regarding the class represented by Keith B. Nordyke and June E. Denlinger, IT IS ORDERED that Keith B. Nordyke and June E. Denlinger shall be appointed to represent all Department of Corrections inmates wherever these inmates may be housed, including, but not limited to, inmates housed at state prisons, parish jails, state police barracks, city jails or lockups, detention centers and any other facility approved by this Court.
This order shall be sent to the Secretary of Corrections, each sheriff, through Allen Usury, Cyrus Greco, John Baker and Ross Mag-gio.
Baton Rouge, Louisiana, May 27,1993.
/s/ Frank J. Polozola
United States District Judge
*372 EXHIBIT B
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
HAYES WILLIAMS, ET AL
VERSUS
JOHN J. MCKEITHEN, ET AL
CIVIL ACTION NO. 71-98-B
Sept. 26, 1996

Order Approving Settlement

The parties have entered the attáched Petition for Order Approving Settlement in or-, der to resolve claims against the defendants in this action. Considering that agreement and considering the lengthy history of this litigation and of the duration of the Consent Decree, the Court finds that dismissal pursuant to the Petition for Order Approving Settlement within the time specified, as opposed to continuation of the decree for the full period presei'ibed in the recently enacted Prison Litigation Reform Act, is appropriate. The Court further finds that it is the responsibility of the executive officers of the State of Louisiana, specifically the Secretary of the DPSC and the Governor, acting through the Executive Counsel, to operate'the prison system in accordance with the Constitutions and laws of the United States and the State of Louisiana. The Court further finds that the exercise of jurisdiction by this Court over the DPSC Facilities covered by the Agreement shall not be necessary after the termination dates set forth in attached Petition for Approval of Settlement.
WHEREFORE, IT IS ORDERED that the original and all subsequent orders entered by the Court in this action, including the consent decree entered by this Court on December 7, 1983 and all modifications and revisions of that consent decree affecting Hunt Correctional Center, Alen Correctional Center, Winn Correctional Center, Avoyelles Correctional Center, David Wade Correctional Center, Work Training Facility — North and South, Louisiana State Police Barracks, Phelps Correctional Institute, Washington Correctional Institute, Louisiana Correctional Institute for Women and Dixon Correctional Institute (the “DPSC Facilities”), are to be rescinded and have no further effect on April 1, 1997. On that date, the Court shall issue a final order of dismissal.
' IT IS FURTHER ORDERED that, through April 1, 1997, the responsibilities of DPSC Facilities identified in this order will be to submit to the Coui-t only those reports identified in section 3.4 of the Petition for Order Approving Settlement, to maintain ACA accreditation, and to inform the Court of any changes in population capacity.
IT IS FURTHER ORDERED that all Non-DPSC Facilities in which DPSC prisoners are being held shall also finally be dismissed from further Court supervision on April 1, 1997.
IT IS FURTHER ORDERED that any new claims against the Defendants, or any of them, that in any way pertain to the institutions which are identified in this order shall be initiated as new..civil actions in state or federal courts of proper jurisdiction and venue.
IT IS FURTHER ORDERED that, as of April 1, 1997, only LSP and the Juvenile Facilities shall be excluded from this order and shall remain on the Court’s docket subject to further resolution and subject to orders and judgments of this Court.
IT IS FURTHER ORDERED that a hearing shall be scheduled at a latter date in accordance with Rule 23 of the Federal Rules of Civil Procedure.
Baton Rouge, Louisiana, this 26th day of September, 1996.
/s/ Frank J. Polozola
Judge, Upited States District Court
Middle District of Louisiana
*373 EXHIBIT C
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
IN RE CONSENT DECREES PERTAINING TO INMATE POPULATION AND PRISONER SUITS PERTAINING TO INMATE POPULATION

ORDER

IT IS ORDERED that each and every consent decree entered by this Court pertaining to inmate population and guard to prisoner ratio at any facility operated by or under the authority of any Sheriff, appearing hereinbelow; however issued, filed or captioned, including, but not limited to, those decrees issued under the caption of or filed in the record of Hayes Williams v. John McKeithen, civil action number 71-89B on the docket of the United States District court for the Middle District of Louisiana, Hamilton v. Morial, 644 F.2d 351 (5th Cir.1981), In re Prisoner Suits Pertaining to Inmate Population on the docket of the United States District Court for the Middle District of Louisiana and decrees filed in the record of the United States District Court for the Middle District of Louisiana, under the caption of “In re” any jail or other facility are hereby VACATED, RESCINDED and are without further effect as of April 1,1997.
IT IS FURTHER ORDERED that the Court’s expert shall have the right, until April 1,1997, to conduct an inspection of any facility which is subject to a consent decree to be vacated pursuant to this Order for the sole purpose of verifying, but not enforcing, that facility’s compliance with the Basic Jail Guidelines. Findings, recommendations or other information resulting from these inspections will not be admissible in any suit filed by or on behalf of any inmate seeking monetary damages or any other relief under state or federal law, and will not prevent cancellation of any consent decree vacated pursuant to this Order nor affect the validity, finality, or enforceability of this Order.
IT IS FURTHER ORDERED that any claim or allegation pending as of April 1, 1997 or asserted thereafter that any Sheriff appearing hereinbelow has failed to comply with the terms of this Order and any other claim or allegation existing as of April 1,1997 or asserted thereafter by or on behalf of anyone against any Sheriff appearing herein-below based upon inmate population, guard to inmate ration, conditions of confinement, or asserting any state or federal law claims of inmates held in a;n facility governed by. a consent decree vacated pursuant to this Order shall not be asserted in, or as a violation of any order issued in Hayes Williams v. John McKeithen, supra, Hamilton v. Morial, supra, or in or as a violation of any consent decree vacated pursuant to this Order, but shall be initiated as a new action in a court of proper jurisdiction and venue. The determination of such proper jurisdiction and venue shall be made .without reference to Hayes Williams v. John McKeithen, supra, Hamilton v. Morial, supra, or any consent decree vacated pursuant to this Order, or to any jurisdiction arising out of, under, or conferred by those cases or consent decrees.
IT IS FURTHER ORDERED that based upon this Order, the Court will file in the United States Court of Appeals for the Fifth Circuit a request that the Fifth- Circuit vacate and set aside its order of April 21, 1991 entered in Hamilton v. Morial, 644 F.2d 351 (5th Cir.1981), and consolidated cases, and take such other actions as may be necessary to vacate the special jurisdictional grant to this Court established therein and to enable this Court to- enter this Order. No provision contained in this Order shall enlarge or enhance the jurisdiction granted to this Court by the Fifth Circuit pursuant to its order of April 21, 1981, any of its subsequent orders or decisions related thereto, or the consent decrees vacated pursuant to this Order.
Baton Rouge, Louisiana, this 26th day of September, 1996.
/s/ Frank J. Polozola
United States District Judge
*374 This Order is submitted this 23rd day of August 1996 by and on behalf of the Sheriffs appearing hereinbelow.
/s/ T. Allen Usry
T. ALLEN USRY, La. Bar
#12988
[[Image here]]
2800 Veterans Blvd., Suite 180
Metairie, LA 70009-6645
(504) 833-4600
Attorney for the Sheriffs
[[Image here]]
*375 [[Image here]]
*376 [[Image here]]
*377 [[Image here]]
EXHIBIT D
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
HAYES WILLIAMS, ET AL
VERSUS
JOHN J. MCKEITHEN, ET AL
CIVIL ACTION NO. 71-98-B

ORDER

IT IS ORDERED that each and every consent decree entered by this Court pertaining to inmate population and guard to prisoner ratio at Amite City Jail, Basile City Jail, DeQuincy City Jail, East Carroll Penal Farm, Eunice City Jail, Gonzales City Jail, Jennings City Jail, Jonesville City Jail, Lincoln Parish Detention Center, Mamou City Jail, Pearl River City Jail, Rayne City Jail, Slidell City Jail, Sulphur city Jail, Union Parish Detention Center, Vinton City Jail and West Monroe Police Departments, however issued, filed or captioned, including, but not limited to, those decrees issued under the caption of or filed in the record of Hayes Williams v. John McKeithen, Civil Action 871-98B on the docket of the United States District Court for the Middle District of Louisiana, Hamilton v. Morial, 644 F.2d 351 (5th Cir.1981), In re Prisoner Suits Pertaining to Inmate Population on the docket of the United States District Court for the Middle District of Louisiana and decrees filed in the record of the United States District Court for the Middle District of Louisiana, under the caption of “In re” any jail or other facility listed above are hereby VACATED, RESCINDED and are without further effect as of April 1,1997.
IT IS FURTHER ORDERED that the Court’s expert shall have the right, until *378 April 1, 1997, to conduct an inspection of the above facilities which are subject to a consent decree to be vacated pursuant to this Order for the sole purpose of verifying, but not enforcing that facility’s compliance with the Basic Jail Guidelines. Findings, recommendations or other information resulting from these inspections will not be admissible in any suit filed by or on behalf of any inmate seeking monetary damages or any other relief under state or federal law, and will not prevent cancellation of any consent decree vacated pursuant to this Order nor affect the validity, finality, or enforceability of this Order.
IT IS FURTHER ORDERED that any claim or allegation pending as of April 1, 1997 or asserted thereafter that any facility appearing hereinbelow has failed to comply with the terms of this Order and any other claim or allegation existing as of April 1,1997 or asserted thereafter by or on behalf of anyone against any facility appearing herein-below based upon inmate population, guard to inmate ration, conditions of confinement, or asserting any state or federal law claims of inmates held in a facility governed by.a consent decree vacated pursuant to this Order shall not be asserted in, or as a violation or any order issued in Hayes Williams v. John McKeithen, supra, Hamilton v. Mortal, supra, or in or as a violation of any consent decree vacated pursuant to this Order, but shall be initiated as a new action in a court of proper jurisdiction and venue. The determination of such proper jurisdiction and venue shall be made without reference to Hayes Williams v. John McKeithen, supra, Hamilton v. Mortal, supra, or any consent decree vacated pursuant to this Order, or to any jurisdiction arising out of, under, or conferred by those cases or consent decrees.
IT IS FURTHER ORDERED that based upon this Order, the Court will file in the United States Court of Appeals for the Fifth Circuit a request that the Fifth Circuit vacate and set aside its order of April 21, 1981 entered in Hamilton v. Mortal, 644 F.2d 351 (5th Cir.1981), and consolidated cases, and take such other actions as may be necessary to vacate the special jurisdictional grant to this Court established therein and to enable this Court to enter its final Order of Dismissal. No provisions contained in this Order shall enlarge or enhance the jurisdiction granted to this Court by the Fifth Circuit pursuant to its order of April 21,1981, any of its subsequent orders of decisions related thereto, or the consent decrees vacated pursuant to this Order.
Baton Rouge, Louisiana, this 26th day of September, 1996.
/s/ Frank J. Polozola
United States District Judge
This Order is submitted on this 26th day of September, 1996 on behalf of the Secretary of the Department of Public Safety & Corrections on behalf of the following institutions Amite City Jail, Basile City Jail, De-Quincy City Jail, East Carroll Penal Farm, Eunice City Jail, Gonzales City Jail, Jennings City Jail, Jonesville City Jail, Lincoln Parish Detention Center, Mamou City Jail, Pearl River City Jail, Rayne City Jail, Slidell City Jail, Sulphur City Jail, Union Parish Detention Center, Vinton City Jail and West Monroe Police Department.
Is/ Richard A. Curry, #4671
RICHARD A. CURRY
Shannon Sweeney Rieger, #17165
McGLINCHEY STAFFORD LANG
A Professional Limited Liability Company
Ninth Floor, One American Place Baton Rouge, Louisiana 70825 (504)383-9000 and
Ronald Thompson Assistant Attorney General Counsel for Murphy J. “Mike” Foster, Governor of the State of Louisiana and Richard L. Stalder, Secretary of the Department of Public Safety & Corrections
*379 EXHIBIT E
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
' HAYES WILLIAMS, ET AL
VERSUS
JOHN J. MCKEITHEN, ET AL
CIVIL ACTION NO. 71-98-B
April 1, 1997 ORDER
Pursuant to the orders entered by this Court in response to the September 26 Petition for Order Approving Settlement for Purpose of Terminating Consent Decree (the “Petition”), the Court’s expert has inspected facilities housing adult inmates and juvenile offenders sentenced to the custody of the Department of Public Safety & Corrections (“DPSC”) and the Court has received and reviewed reports of the conditions in facilities housing DPSC inmates and juvenile offenders. The Court finds that there is no need for further supervision over the facilities identified below. Accordingly, pursuant to the Petition and the Motion to Dismiss submitted this day by the Governor of the State of Louisiana and the Secretary of the DPSC:
IT IS ORDERED that the following DPSC institutions (excluding the Louisiana State Penitentiary) are releaséd from all further supervision and jurisdiction of this Court in these proceedings:
Allen Correctional Center Avoyelles Correctional Center C. Paul Phelps Correctional Center David Wade Correctional Center Dixon Correctional Center Elayn Hunt Correctional Center
Louisiana Correctional Institute for Women Washington Correctional Center Winn Correctional Center Work Training Facility/North Work Training Facility/South State Police Barracks.
IT IS FURTHER ORDERED that the following secure parish and local jails have been released from all further supervision and jurisdiction of this Court and from all further reporting requirements:
Acadia Parish Jail Complex
Acadia Parish Jail Annex
Acadia Parish Detention Center
Allen Parish Jail
Ascension Parish Jail
Assumption Parish Detention Center
Avoyelles Bordelonville Detention Center
Avoyelles Bunkié
Avoyelles Marksville Detention Center
Avoyelles Women’s Correctional Center
Beauregard Parish Jail Complex
Bienville Parish Jail
Bossier Parish Jail
Bossier Parish Penal Farm
Caddo Correctional Center
Calcasieu Parish Correctional Center
Calcasieu Sheriffs Prison
Caldwell Parish Detention Center
Caldwell Parish Jail
Catahoula Parish Jail
Claiborne Parish Jail
Concordia Parish Jail
DeSoto Parish Detention Center
East Baton Rouge Parish Prison
East Carroll Detention Center
East Carroll Parish Jail
East Feliciana Parish Prison
Evangeline Parish Jail
Evangeline — Basile Detention Center
Franklin Parish Detention Center
Grant Parish Jail
Iberia Parish Criminal Justice Facility
Iberville Parish Detention Center
Jackson Parish Jail
Jefferson Parish Correctional Center
Jefferson Davis Parish Jail
Lafayette Parish Correctional Center
Lafourche Parish Jail — Galliano
Lafourche Parish Detention Center
LaSalle Parish Jail
Lincoln Parish Detention Center
Livingston Parish Jail
Madison Parish Detention Center
Morehouse Parish Jail and Annex
Morehouse Parish Detention Center
Natchitoches Parish Jail
Natchitoches Parish Detention Center
Orleans Parish Criminal Sheriffs Office Community Correction Center
House of Detention
Orleans Parish Prison
Templeman Phase III
Templeman Phase II
Templeman
South White Street
Rendon Street
*380 Broad Street Work Release
Conchetta Ouachita Parish Jail Ouachita Correctional Center .
Plaquemines Parish Prison
Port Sulphur Lockup
Belle Chase Lockup
New Detention Facility
Pointe Coupee Parish Detention Center
Rapides Parish Detention Center
Red River Parish Jail
Richland Parish Jail
Sabine Parish Jail
Sabine Parish Detention Center
St. Bernard Parish Prison
St. Bernard Parish Annex
St. Charles Parish Correctional Center
St. Helena Parish Jail
St. James Parish Detention Center
St. John the Baptist Parish Prison
St. John the Baptist Detention Center
St. Landry Parish Jail
St. Martin Parish Correction Center
St. Martin Parish Sub-Station
St. Mary Parish Jail
St. Tammany Parish Jail
Tangipahoa Parish Jail
Tensas Parish Jail
Tensas Parish Detention Center
Terrebonne Parish.Criminal Justice Complex and Annex
Union Parish Detention Center
Vermillion Parish Correctional Center
Vernon Parish Jail
Vernon Correctional Center
Washington Parish Jail
Webster Parish Jail
Webster Parish Penal Farm
West Baton Rouge Parish Jail
West Baton Rouge Parish Detention Center
West Carroll Parish Jail
West Feliciana Parish Detention Center
Winn Parish Jail
Amite City Jail
Basile City Jail
Baton Route City Jail
DeQuincy City Jail
East Carroll Parish Prison Farm
Eunice City Jail
Gonzales City Jail
Jennings City Jail
Jonesville City Jail
Mamou City Jail
Pearl River City Jail
Rayne City Jail
Slidell City Jail
Sulphur City Jail
Vinton City Jail
West Monroe City Jail
IT IS FURTHER ORDERED that all work release centers and other non-secure facilities housing adult inmates are released from all further supervision and jurisdiction of this Court and from all further reporting requirements in these proceedings.
IT IS FURTHER ORDERED that all facilities in which juveniles sentenced to the custody of the Department of Public Safety & Corrections are housed other than the below named DPSC secure juvenile facilities are released from all further supervision and jurisdiction of this Court and from all further reporting requirements.
IT IS FURTHER ORDERED that all other secure and non-secure facilities housing adult inmates and juvenile offenders are released, or have been released, from further supervision and reporting requirements of this Court except that Louisiana State Penitentiary at Angola, the Louisiana Training Institute — Monroe, the Louisiana Training Institute — Bridge City, the Jetson Correctional Center for Youth and the Tallulah Correctional Center for Youth are and shall remain subject to the jurisdiction and further orders of the Court.
Baton Rouge, Louisiana, this 1st day of April, 1997.
/s/ Frank J. Polozola
Judge, United States District Court
Middle District of Louisiana

. 338 F.Supp. 1016 (E.D.La.1970).

. No. 71-98-B (June 10, 1975).

.The class was certified in 1991 but excluded DOC prisoners in parish jails. The class order was amended on May 27, 1993 to, inter alia, include such prisoners. For ease in review, a copy of this order is attached hereto as Exhibit A.

. 644 F.2d 351 (5th Cir.1981).

. In referring to the state facilities the order declares that they "are released from all further supervision....” The reference to parish and local jails, however, notes that they “have been released from all further supervision ...” We do not view this careful choice of language to be happenstance.

. See Walker v. United States Dep’t of Housing and Urban Dev., 912 F.2d 819 (5th Cir.1990) (modification of a consent decree to compel federal subsidization of low-cost housing units was appealable pursuant to 28 U.S.C. § 1292(a)(1) as modification of injunctive decree); Thompson v. Enomoto, 815 F.2d 1323 (9th Cir.1987)(consent decree dictating conduct for the California Department of Corrections and compelling compliance through the court’s contempt power was sufficiently injunctive in nature to be considered an injunction under § 1292(a)(1)); Gary v. Louisiana, 601 F.2d 240 (5th Cir.1979) (order appointing a special master to oversee implementation of court’s consent decree was an appealable modification of an injunction under §’ 1292(a)(1)).

. Sheriff Foti signed on behalf of Orleans Parish, first on the list of sheriff signatories.

. The confusion manifested herein perhaps results from the State order which also was signed on September 26, 1996. That order says, "WHEREFORE, IT IS ORDERED that the original and all subsequent orders entered by the Court in this action, including [a consent decree entered on December 7, 1983 dealing with various state facilities] ('the DPSC Facilities'), are to be rescinded and have no further effect on April 1, 1997. On that date, the Court shall issue a final order of dismissal.” It further provided, "IT IS FURTHER ORDERED that all NON-DPSC Facilities in which DPSC prisoners are being held shall also finally be dismissed from further Court supervision on April 1, 1997.”
The filings defined DPSC as the Department of Public Safety and Corrections and DPSC Facilities as the state facilities. Non-DPSC Facilities were defined as "secure parish of (sic) local jails listed in Exhibit A-l [which includes Orleans Parish Prison] that may hold adult inmates sen *371 tenced to the custody of the DPSC.” The provision of the order which refers to the Non-DPSC facilities could perhaps be taken as requiring a final order on April 1st before the parishes would be released from the consent decrees. When this order is read in conjunction with the initiating petition, however, it is clear that supervision of the Non-DPSC facilities was being retained by the court only to allow for inspections to determine whether these facilities complied with the Basic Jail Guidelines. The limiting language in the order on use of the results of these inspections fortifies our conclusion. The September 26th order is the final order which released the parish prisons from the population caps.

.Fed. R.App. P. 4 provides in pertinent part:
(a) Appeals in Civil Cases.
(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....

. The Federal Rules of Civil Procedure do not provide for a “Motion for Reconsideration” but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment. See Kelley v. Price-Macemon, Inc., 992 F.2d 1408 (5th Cir.1993). A Rule 60(b) motion does not toll the running of time for filing a notice of appeal whereas a timely filed Rule 59(e) motion does. See Fischer v. United States, 759 F.2d 461 (5th Cir.1985); Fed.R.App.P.4(a). In order to be timely filed, a Rule 59(e) motion must be filed within ten days of the judgment or order of which the party complains. Fed.R.Civ.P. 59(e). Motions which are "untimely under Rule 59 must be treated as motions under Fed.R.Civ.P. 60(b) for purposes of Rule 4(a)(4).” Brown v. United Ins. Co. of Am., 807 F.2d 1239, 1242 (5th Cir.1987) (citing Huff v. International Longshoremen’s Ass'n, 799 F.2d 1087, 1090 (5th Cir.1986)).

. Hamilton v. Williams, No. 97-30069 (5th Cir., April 17, 1997) (appeal dismissed).