IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60873
Conference Calendar
_____


CHARLIE TAYLOR,

                                        Plaintiff-Appellant,

versus

BETTY FOSTER; WALTER BOOKER; W.L. HOLMAN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-168-P
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

     Charlie Taylor, Mississippi prisoner # R6798, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. Taylor's notice of appeal was filed more than thirty days after the district court entered its first judgment of dismissal and more than thirty days following the denial of Taylor's first motion for reconsideration. It was, therefore, untimely and we are without jurisdiction to entertain the appeal. See FED. R. APP. P. 4(a)(1)(A); Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985). Taylor's first post-judgment motion did not suspend

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the time for filing the notice of appeal as it was filed more than ten days following entry of judgment.  See FED. R. APP. P. 4(a)(4)(A); Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

Although Taylor filed a second motion for reconsideration to which he attached additional evidence, it does not appear that the notice of appeal references the denial of this motion.  Even if the notice of appeal is construed as being from the second motion, the district court did not abuse its discretion in denying it.  The evidence shows that Taylor did not complete the third step of the Administrative Remedy Program because he failed to submit the required form; thus, he did not exhaust his administrative remedies.

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction with respect to the underlying judgment and the denial of the first motion for reconsideration.  We AFFIRM the denial of the second motion for reconsideration.  We DENY as moot Taylor's request to obtain a copy of certain correspondence, his motions to supplement the record, and his motion to obtain a copy of the district court record.

DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART; MOTIONS DENIED AS MOOT.