**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-41112

JENEVA FRAZAR, Etc. ET AL.,

Plaintiffs

LINDA FREW, as next friend of her minor child Carla Frew;
MARIA AYALA, as next friend of her minor children,
Christopher Arizola, Leonard Jimenez and Joseph Veliz;
MARY FISHER, as next friend of her minor child, Tyrone
T. Edwards; MARY JANE GARZA, as next friend of her
minor children, Hilary Garza and Sarah Renea Garza,

Plaintiffs-Appellees,

versus

ALBERT HAWKINS, Etc., ET AL.,

ALBERT HAWKINS, Commissioner of the Texas Health
and Human Services Commission in his official capacity;
LINDA WERTZ, Texas State Medicaid Director; BRIDGET
COOK, employee of Texas Department of Health in official
capacity; SUSAN PENFIELD, M.D., employee of the Texas
Department of Health in official capacity; EDUARDO
SANCHEZ, M.D., Texas Commissioner of Health,

Defendants-Appellants.

No. 01-40667

JENEVA FRAZAR, Etc. ET AL.,

Plaintiffs

LINDA FREW, as next friend of her minor child Carla Frew;
CARLA FREW; MARIA AYALA, as next friend of her minor
children, Christopher Arizola, Leonard Jimenez and Joseph Veliz;
MARY FISHER, as next friend of her minor child, Tyrone
T. Edwards; MARY JANE GARZA, as next friend of her
minor children, Hilary Garza and Sarah Renea Garza, CHARLOTTE
GARVIN, as next friend of her minor children Johnny Martinez,
Brooklyn GARVIN and BreAnna Garvin; SHANNON GARCIA, as
next friend of her minor children Andrew Garcia, Marisha Garcia,
Stephen Sanchez and Allison Sanchez,

Plaintiffs-Appellees,

versus

RICHARD LADD, Etc., ET AL.,

LINDA WERTZ, Texas State Medicaid Director; BRIDGETT
COOK, employee of Texas Department of Health in official
capacity; SUSAN PENFIELD, M.D., employee of the Texas
Department of Health in official capacity; ALBERT HAWKINS,
Commissioner of the Texas Health and Human Services;
EDUARDO SANCHEZ, M.D., Texas Commissioner of Health,

Defendants-Appellants.

_____

Appeals from the United States District Court for
the Eastern District of Texas
_____

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

REAVLEY, Circuit Judge:

2

We address these interlocutory appeals for a second time.  For background, we refer the reader to the district court opinion,[1] our first panel decision,[2] and the Supreme Court's decision.[3]

In Frew I, we considered two consolidated appeals brought by the State defendants (the State).  In appeal No. 01-40667, we held that appellate jurisdiction existed over the denial of a motion to dismiss a supplemental complaint only because of the Eleventh Amendment issue.  Frew I, 300 F.3d at 551.  The Eleventh Amendment arguments included the so-called Westside Mothers arguments, which we rejected.[4]  We do not have appellate jurisdiction over any other issues raised in appeal No. 01-40667, and all such issues are therefore dismissed from this appeal.[5]

The other appeal, No. 00-41112, concerned the district court order enforcing the consent decree.  Attempting to apply circuit precedent, particularly Lelsz v. Kavanagh, 807 F.2d 1243 (5th Cir. 1987), and Saahir v. Estelle, 47 F.3d 758 (5th Cir. 1995), and

---

[1]  Frew v. Gilbert, 109 F. Supp.2d 579 (E.D. Tex. 2000).

[2]  Frazar v. Gilbert, 300 F.3d 530 (5th Cir. 2002) (Frew I).

[3]  Frew v. Hawkins, 124 S. Ct. 899 (2004).

[4]  See Frew I, 300 F.3d at 550-51& n.102) (discussing Westside Mothers v. Haveman, 133 F. Supp.2d 549 (E.D. Mich. 2001), aff'd in part, rev'd in part, 289 F.3d 852 (6th Cir. 2002)).

[5]  To the extent that Frew I purported to vacate the district court order denying the motion to dismiss and this portion of Frew I survives the Supreme Court's decision, we withdraw that language from Frew I.

3

stating that we "are bound by the law of our circuit,"[6] Frew I, 300 F.3d at 543, we concluded that the consent decree was unenforceable under the Eleventh Amendment except to the extent that a violation of the decree was also a statutory violation that amounted to a violation of a federal right independently actionable under 42 U.S.C. § 1983. The Supreme Court reversed, holding that the consent decree may be enforced on its own terms without running afoul of the Eleventh Amendment.

Insofar as the State argued that the district court's order violated the Eleventh Amendment, we concluded in Frew I that we had appellate jurisdiction in No. 00-41112 for two reasons. First, "the collateral order doctrine allows immediate appellate review of an order denying a claim of Eleventh Amendment immunity." Frew I, 300 F.3d at 537 (citing P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993)). Second, we believed that we had appellate jurisdiction under 28 U.S.C. § 1292(a)(1), which allows interlocutory appeals of orders "refusing to dissolve or modify" an injunction. The State argued that the consent decree could only be enforced under Lelsz and Saahir to the extent that it enforced federal statutory rights. Limiting the consent decree to remedying statutory violations of federal statutory rights would, as the district court aptly noted, "nullify entire sections of the decree," 109 F. Supp.2d at 666, and we therefore viewed the State's Eleventh Amendment argument as an argument, for all practical purposes, that the district court should have modified the consent decree.

---

[6] But see Lelsz v. Kavanagh, 815 F.2d 1034, 1035 (5th Cir. 1987) (Reavley, J., dissenting from denial of en banc review in Lelsz).

The refusal to modify a consent decree is appealable under § 1292(a)(1), since consent decrees are injunctions for purposes of that statute. Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 370 (5th Cir. 1998).

On remand to this court from the Supreme Court, the State continues to press its remaining arguments that the district court improperly expanded the scope of the consent decree beyond the agreement of the parties. What is left of the appeal is a dispute regarding the construction of various provisions of the consent decree, essentially a contract dispute. Interlocutory appeals are allowed where the district court refuses to modify an injunction, as discussed above, but § 1292(a)(1) does not by its terms cover disputes concerning the scope or interpretation of an injunction previously entered. Hence, we have held that "interlocutory appeals are not allowed when a court merely enforces or interprets a previous injunction." In re Ingram Towing Co., 59 F.3d 513, 516 (5th Cir. 1995) (emphasis omitted). In arguing that the district court interpreted the injunction in a manner more expansive than the parties agreed or intended, the State is not seeking a modification of the decree, but is merely taking issue with the district court's interpretations of various portions of the decree. We have no appellate jurisdiction over these rulings under § 1292(a)(1).

Nor do we have pendent appellate jurisdiction to hear what is left of the appeal. "Pendant appellate jurisdiction is only proper in rare and unique circumstances where a final appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the

5

appealable order."  Thornton v. General Motors Corp., 136 F.3d 450, 453 (5th Cir. 1998).

This test is not met here.  The Eleventh Amendment arguments are not inextricably tied

to the issues of whether the district court simply misinterpreted various provisions of the

decree.

At this juncture, our proper disposition is to remand the case to the district court

for further proceedings.  Future appeals, if any, may challenge the district court's

interpretation of the consent decree as well as findings of contempt and rulings on any

new contentions of the parties.

Accordingly, the district court's orders are affirmed insofar as the State contended

that they violated the Eleventh Amendment.  The remainder of the appeal is dismissed for

lack of appellate jurisdiction, and the case is remanded to the district court for further

proceedings.  We direct the clerk to assign any future appeals of this cause to the present

panel.

AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED.