Martin A. ARMSTRONG,
Petitioner–Appellant,

v.

Joseph R. GUCCIONE, United States Marshal for the Southern District of New York, and Marvin D. Morrison, Warden, Metropolitan Correctional Center, Respondents–Appellees,

Alan M. Cohen, Intervenor Receiver–Appellee.

Nos. 04–5448–pr(L), 05–0280–pr(CON).

United States Court of Appeals, Second Circuit.

Jan. 11, 2007.

Thomas V. Sjoblom, Proskauer Rose LLP, Washington, D.C., for Petitioner–Appellant.

Alexander H. Southwell, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), New York, New York, for Respondents–Appellees.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Martin A. Armstrong moves for this court (1) to clarify that our opinion in *Armstrong* directed the district court to reassign the pending enforcement suits against him brought by the Securities and Exchange Commission, *SEC v. Princeton Econ. Int'l, Ltd.*, No. 99–

Civ.–9667(RO) (S.D.N.Y. filed Sept. 13, 1999), and the Commodity Futures Trading Commission, *CFTC v. Princeton Global Mgmt., Ltd.,* No. 99–Civ.–9669(RO) (S.D.N.Y. filed Sept. 13, 1999) (together, the "Consolidated Enforcement Actions"); and (2) to order that the mandate from our decision in *Armstrong* issue immediately. We assume the parties' familiarity with the facts and procedural history of this case.

In *Armstrong,* we wrote:

[U]nder our supervisory authority, we direct the district court, after giving reasonable notice to the parties so that they may prepare adequately, to convene as soon as practicable a new hearing into whether Armstrong is in possession of the property (or the proceeds thereof) which is the subject of the court's production order so that he is able to comply with it. Further, while we emphasize that we have never found any fault in Judge Owen's skillful handling of this case, we believe that on the seventh anniversary of Armstrong's confinement, his case deserves a fresh look by a different pair of eyes. We therefore direct the district court to reassign the case randomly to a different district court judge on remand.

*Armstrong,* 470 F.3d at 113.

By the foregoing language, we intended, in the exercise of our supervisory authority, to convey our belief that the transfer of the Consolidated Enforcement Actions to a different district court judge would be advisable in the interests of justice.

The Government has raised the issue of whether our supervisory authority permits us to reassign the Consolidated Enforcement Actions in the district court when only the habeas petition and motion for bail, and not the Consolidated Enforcement Actions, are before us. Because it was our intention to convey our belief that such a transfer of the Consolidated Enforcement Actions was advisable, we are confident that the district court will honor that intention without our addressing the question of our authority to order it. *Cf. In re DaimlerChrysler Corp.,* 294 F.3d 697, 700–01 (5th Cir.2002); *Hamilton v. Morial,* 644 F.2d 351, 354 & n. 1 (5th Cir. Apr.1981) (per curiam); *Poteet v. Fauver,* 517 F.2d 393, 398 (3d Cir.1975) (dictum). The parties are directed to advise this court of whatever actions are taken with respect to the reassignment of the Consolidated Enforcement Actions. In the meantime, Armstrong's motion to clarify our opinion in *Armstrong* with respect to reassignment will be held in abeyance.

With respect to the second part of Armstrong's motion, the mandate in *Armstrong v. Guccione,* 470 F.3d 89 (2d Cir. 2006), shall issue forthwith.

For the foregoing reasons, the petitioner-appellant's motion is **GRANTED** in part and the mandate in *Armstrong* is to **ISSUE** immediately.