# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 17, 2013

No. 12-40718
Summary Calendar

Lyle W. Cayce
Clerk

IVORY R. MITCHELL,

Plaintiff-Appellant

v.

MICHAEL SIZEMORE, Senior Warden Powledge Unit; N. WEBB, Assistant
Warden Powledge Unit; MAJOR DONNA KAZMERZAK; LIEUTENANT JOHN
MOORE; FNU BELL, O.I.G. Officer; LISA WINSTON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-348

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ivory R. Mitchell, Texas inmate # 363139, obtained a default judgment
against Lisa Winston in his 42 U.S.C. § 1983 action; in that suit, the parties
consented to proceed before a magistrate judge. Mitchell now appeals the
magistrate judge's denial of a writ of execution and his motion to compel
discovery pursuant to Federal Rule of Civil Procedure 69.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A timely notice of appeal is a prerequisite to the exercise of appellate jurisdiction in a civil case. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). Thus,"[t]his Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The notice of appeal in a civil action must be filed within 30 days of entry of the judgment or order from which the appeal is taken. FED. R. APP. P. 4(a)(1)(A).

The district court entered its final order denying Mitchell's motion for a writ of execution on July 3, 2012. Mitchell had 30 days from that date, until August 2, 2012, to file his notice of appeal. *See id.* Mitchell did not file a notice of appeal within that period. Because Mitchell's July 26, 2012, post judgment motion did not evince his intent to appeal the denial of his motion for a writ of execution, it cannot be construed as a notice of appeal. *See Mosley*, 813 F.2d at 660. Further, Mitchell's September 17, 2012, filing was outside the time in which he had to file a notice of appeal. *See* Rule 4(a)(4); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10. (5th Cir. 1998). Accordingly, Mitchell's June 21, 2012, notice of appeal was timely only as to the district court's May 20, 2012, order, and this court lacks jurisdiction to review his arguments relative to the issuance of a writ of execution. *See* Rule 4(a)(1); *Bowles*, 551 U.S. at 213-14.

Mitchell argues that the magistrate judge erred by denying his request to compel discovery to ascertain the assets that Winston had to satisfy the default judgment. He contends that the magistrate judge could not rely on the pretrial discovery plan to deny his post judgment discovery request under Federal Rule of Civil Procedure 69(a)(1) and (2) and Texas Rule of Civil Procedure 621a.

We review a district court's denial of a discovery request for abuse of discretion. *Pustejovsky v. Pliva, Inc.*, 623 F.3d 271, 278 (5th Cir. 2010). Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(2) provides that a judgment creditor, "[i]n aid of the judgment or execution . . . may obtain

discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." The Federal Rules of Civil Procedure, however, permit the district court to limit discovery. FED. R. CIV. P. 26(b)(1) and (b)(2)(A), (C). The pretrial rules governing discovery apply. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993). Therefore, Mitchell's argument that the magistrate judge could not rely on the pretrial discovery plan to deny his post judgment discovery requests is unavailing. *See id.*

Mitchell alternatively seeks a writ of mandamus under Federal Rule of Appellate Procedure 21. Mitchell has not, however, complied with any of the requirements of that rule, nor has he made the showing required to obtain the relief he seeks. *See* FED. R. APP. P. 21; *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

AFFIRMED.