**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 12, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-60157

STATE NATIONAL INSURANCE COMPANY INC,

Plaintiff-Appellant,

versus

CALVIN YATES,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit
Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The district court dismissed this suit for want of
jurisdiction pursuant to Federal Rule of Civil Procedure 19.
Plaintiff State National Insurance Company appeals. The district
court concluded that it could not proceed without a third party,
Bruce Insurance Agency, the joinder of which would defeat subject
matter jurisdiction. Persuaded that supplemental jurisdiction
supported the additional party to the counterclaim, we vacate the
district court's dismissal and remand for further proceedings.

I

Rebuffed by his insurance company when a landowner sued him
for cutting down her trees, Yates, a logger, and various

insurance entities filed suits in state and federal courts.  In the case before us, State National filed a diversity action in federal district court seeking a declaratory judgment that Yates's liability insurance policy did not provide Yates with coverage.[1]  Yates counterclaimed against State National for breach of contract and bad faith breach of contract and also asserted claims against an additional party, the local agent, Bruce Insurance Agency, for professional negligence and negligent misrepresentation.[2]  Yates then urged dismissal under Rule 19, arguing that Bruce was a necessary and indispensable party whose joinder would destroy subject matter jurisdiction.[3]  The district court agreed and dismissed the action.  State National filed a timely appeal.

## II

We review dismissal for inability to join an indispensable party under an abuse-of-discretion standard.[4]  Given that it is a "highly practical, fact-based decision," we have noted that "a district court will ordinarily be in a better position to make a

---

[1] State National is a Texas citizen and Yates is a citizen of Mississippi.

[2] FED. R. CIV. P. 13(h) permits joinder of additional parties to a counterclaim "in accordance with the provisions of Rules 19 and 20."

[3] *See* FED. R. CIV. P. 19.

[4]  *See HR Res., Inc.*, 327 F.3d 432, 438 (5th Cir. 2003); *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

Rule 19 decision than a circuit court would be."[5]

Rule 19(a) requires certain persons to be joined, as long as "joinder will not deprive the court of jurisdiction over the subject matter of the action."[6]  The district court found that the addition of Bruce "would destroy federal diversity jurisdiction."[7]  Its finding that Bruce "cannot be made a party" paved the way for the conclusion that Bruce was an "indispensable party" under Rule 19(b)[8] and, therefore, that the action should be dismissed.

Although Yates and Bruce are both citizens of Mississippi and Yates asserts only state law claims, the district court erred in failing to recognize that there was supplemental jurisdiction over Yates's counterclaim against Bruce.  We need not address the more fact-intensive aspects of Rule 19.

A

Federal courts have supplemental jurisdiction under 28 U.S.C. § 1367.[9]  It grants supplemental jurisdiction over other

---

[5] *Pulitzer-Polster*, 784 F.2d at 1309.

[6] FED. R. CIV. P. 19(a).

[7] *State Nat'l Ins. Co. v. Yates*, No. 3:03-CV-104-P, at 1 (N.D. Miss. 2003) (memorandum opinion).

[8] FED. R. CIV. PRO 19(b).

[9] In 1990, Congress added 28 U.S.C. § 1367, in part in an effort to clarify the extent of federal courts' ancillary and pendent jurisdiction, combining them under the umbrella term "supplemental jurisdiction."

claims that do not independently come within the jurisdiction of the district court but form part of the same Article III "case or controversy."[10]

Under § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[11] Furthermore, "[s]uch supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties."[12]

Yates's claims against State National and Bruce easily satisfy this requirement since they all arise out of the same disputed insurance policy. Yates purchased a State National liability insurance policy from Bruce, the local agent, and State National subsequently refused to provide Yates with a defense. Yates is asserting that State National breached the contract or that Bruce misrepresented the extent of the coverage. Yates's claims against State National and Bruce "form part of the same case or controversy" and "derive from a common nucleus of operative fact" so as to meet the demands of § 1367(a) and

---

[10] *See Jinks v. Richland County, S.C.*, 538 U.S. 456, 458 (2003).

[11] 28 U.S.C. § 1367(a).

[12] *Id.*

4

Article III.[13]

B

Section 1367(b), however, withdraws some of the jurisdiction that § 1367(a) would otherwise allow. Where, as here, the district court's original jurisdiction is based solely on diversity, the district court does *not* have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24" when "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. § 1332, the statutory grant of diversity jurisdiction]."[14]

While the district court's jurisdiction is based solely on diversity, this case does not fall within § 1367(b). Yates's claims against Bruce are against a "person[] made part[y] under [Rule 19 or 20]," but they are *not* claims by a *plaintiff*.[15]

---

[13] 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, (1966); *see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (applying *Gibbs*'s "common nucleus" test in the analysis of supplemental jurisdiction).

[14] 28 U.S.C. § 1367(b). District courts also do not have jurisdiction over "claims by persons proposed to be joined as plaintiffs under Rule 19 . . . or seeking to intervene as plaintiffs under Rule 24." *Id.* This provision does not apply to the instant case.

[15] *Id*. Bruce was made a party to the action under Rule 13(h), in turn either via Rule 19 or 20, as described above. *See supra* note 6.

Our reasoning today is not in tension with our decision in *Abbott Labs* where, without addressing the presence of multiple

5

Yates is the *defendant* in this action.

The fact that Yates has asserted a counterclaim does not make him a "plaintiff" for purposes of § 1367(b). Although we have not directly addressed this issue in the past, today we hold that "plaintiff" in § 1367(b) refers to the original plaintiff in the action – not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff. In doing so, we follow the numerous other circuits that have come to the same conclusion.[16] This also comports with our case law that

---

defendants that were presumably joined by Rule 20, we held that § 1367 overrules *Zahn v. International Paper Co.*, 414 U.S. 291 (1973). *See In re Abbott Laboratories*, 65 F.3d 33 (5th Cir. 1995). In that case, we had no need to address the joinder of parties under Rule 20 since, with *Zahn* out of the picture, the exercise of supplemental jurisdiction in that case would not be "inconsistent with the jurisdictional requirements of [28 U.S.C. § 1332]." 28 U.S.C. § 1367(b). In other words, the force of the argument that § 1367 overrules *Zahn* is untouched by the presence of multiple defendants unless we adopt the illogical (indeed, absurd) conclusion that § 1367 overrules *Zahn* only in single defendant cases.

In contrast, in the case before us, the fact that the counter-defendant, Bruce, was joined via either Rule 19 or 20 *does* matter since Yates's claim against Bruce *would* otherwise run afoul of § 1332.

[16] *See, e.g.*, *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs – but not defendants or third parties – from circumventing the requirements of diversity."); *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000) ("Significantly, § 1367(b) reflects Congress' intent to prevent original plaintiffs – but not defendants or third parties – from circumventing the requirements of diversity."); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998) ("Thus, the limitation of § 1367(b) applies only to *plaintiffs*' efforts to join nondiverse parties." (emphasis in original)); *Dev. Fin. Corp. v. Alpha Housing*

predates § 1367, which was enacted in 1990.[17]

"In conducting statutory interpretation, we begin our inquiry with the plain language of the statute."[18]  Section 1367(b) is deliberate in only withholding jurisdiction over such "claims by *plaintiffs*."[19]  Congress could have used the word "parties" or could have omitted "by plaintiffs" entirely had it intended to include counter-plaintiffs, cross-plaintiff, and third-party plaintiffs.  Indeed, adopting such an interpretation would render the "by plaintiffs" language superfluous since *any* party with a claim in the action could in some sense be considered a "plaintiff."  Given that the "plain language of the

---

*& Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995) ("The plain language of § 1367(b) limits supplemental jurisdiction over claims of *plaintiffs* against persons made parties under Rule 14, 19, 20, or 24, and of parties who join or intervene *as plaintiffs* pursuant to Rule 19 or 24.  The section has little to say about defendants." (emphasis in original)).

[17] *See Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234, 236-37 (5th Cir. 1988) ("If the claim is a compulsory counterclaim, FED. R. CIV. P. 13(a), a cross-claim, FED. R. CIV. P. 13(g), or if the party is added pursuant to a counterclaim or cross-claim, FED. R. CIV. P. 13(h), or impleaded, FED. R. CIV. P. 14, the court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction."); *H. L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433 (5th Cir. 1967) ("It is settled that where as here the counterclaim is compulsory . . ., no independent jurisdictional ground need exist where an additional party . . . is brought into the case by the counterclaimant.").

[18] *United States v. Morales-Palacios*, 369 F.3d 442, 446 (5th Cir. 2004) (citing *Staples v. United States*, 511 U.S. 600, 605 (1994)).

[19] 28 U.S.C. § 1367(b) (emphasis added).

7

statute is unambiguous, resort to legislative history for its interpretation is not necessary."[20]

In any case, confining the restrictions in § 1367(b) to claims by plaintiffs comports with congressional intent to prevent plaintiffs from using supplemental jurisdiction to circumvent the diversity requirement by amending to add a non-diverse party.[21] In contrast, "[b]ecause defendants are involuntarily brought into court, their joinders and impleaders were not deemed as suspect as those of the plaintiff, who is master of his complaint."[22]

In sum, Yates's counterclaims against Bruce do not fall within § 1367(b)'s exclusions since Yates is not a plaintiff in the original action. Therefore, the court has supplemental jurisdiction over those claims as per § 1367(a).

---

[20] *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000); *but see United States v. Fernandez*, 379 F.3d 270, 274 (5th Cir. 2004) ("Although we believe that the plain language [is dispositive], we look to the legislative history to be sure there is not 'a clear contrary legislative intention.'" (quoting *United States v. Scrimgeour*, 636 F.2d 1019, 1022-23 (5th Cir. 1981)).

[21] *See* H.R. Rep. No. 101-734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875 ("In diversity-only actions the district courts may not hear *plaintiffs*' supplemental claims when exercising supplemental jurisdiction would encourage plaintiffs to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis." (emphasis added)).

[22] *Kapiloff*, 155 F.3d at 493.

C

Since the district court had jurisdiction over Yates's counterclaims against Bruce, we need not address State National's other arguments regarding the failure of the district court to directly address Rule 19(a) and State National's contention that the district court's Rule 19(b) analysis was flawed. We also express no opinion regarding the discretion of the district court under 28 U.S.C. § 1367(c) or the Declaratory Judgment Act.[23]

III

The district court had supplemental jurisdiction over the defendant's counterclaims against the additional party, Bruce, notwithstanding the lack of diversity between those two parties. Therefore, the district court erred in dismissing the case under Rule 19 premised on the proposition that joinder of Bruce would destroy subject matter jurisdiction.

VACATED AND REMANDED.

---

[23] *See* 28 U.S.C. §§ 2201-2202.