Mopsy **ALLEN,** et al., Plaintiffs,

v.

**KUHLMAN CORPORATION,** et al., Defendants,

**M.L. Berry,** et al., Plaintiffs,

v.

**Kuhlman Corporation,** et al., Defendants.

**James Cohn,** et al., Plaintiffs,

v.

**Kuhlman Corporation,** et al., Defendants.

No. CIV.A. 3:04CV134LN.

United States District Court, S.D. Mississippi, Jackson Division.

March 15, 2005.

Thomas R. Frazer, II, Frazer & Davidson, P.A., Felix Lee Bowie, III, Davidson, Bowie & Sims, PLLC, Paul A. Koerber, Roger K. Doolittle, Doolittle and Doolittle, Jackson, MS, Mary E. McAlister, Douglas G. Mercier, David, Nutt & Associates, Ridgeland, MS, Harold J. Barkley, Jr., Jackson, MS, F. Gerald Maples, F. Gerald Maples, PA, New Orleans, LA, for Plaintiffs.

Daphne M. Lancaster, Thomas W. Tyner, Aultman, Tyner & Ruffin, Ltd, Hattiesburg, MS, E. Clifton Hodge, Jr., James W. Craig, Jane E. Tucker, Tana Nicole Vollendorf, Phelps Dunbar, Jackson, MS, DeMaurice F. Smith—PHV, Mark A. Miller—PHV, Latham & Watkins, LLP—Washington, Washington, DC, Katherine K. Smith, Watkins & Eager, David A. Baker, Foreman, Perry, Watkins, Krutz & Tardy, Jackson, MS, Robert O. Allen, Allen, Allen, Breeland & Allen, PLLC, Brookhaven, MS, Robert W. Wilkinson, Dogan & Wilkinson, PLLC, Pascagoula, MS, Trudy D. Fisher, John Alexander Brunini, Brunini, Grantham, Grower & Hewes, Jackson, MS, John Max Edwards, Jr., Phelps Dunbar, Tupelo, MS, Michael N. Watts, Mark R. Smith, Holcomb Dunbar, P.A., Oxford, MS, Thomas E. Vaughn, Allen, Vaughn, Cobb & Hood, Gulfport, MS, David A. Barfield, Barfield & Associates, Jackson, MS, Karl R. Steinberg, Williams, Heidelberg, Steinberger & McElhaney, P.A., Pascagoula, MS, James P. Streetman, III, Scott, Sullivan, Streetman & Fox, PC, Jackson, MS, James L. Jones, Scott W. Pedigo, Walker W. Jones, III, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, Rose Marie Wade, Charles Michael Evert, Jr.,

Evert & Weathersby, LLC, Atlanta, GA, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This court previously denied a motion by plaintiffs to remand or in the alternative for mandatory abstention and/or discretionary abstention and/or equitable remand based on the court's determination that the case is "related to" the bankruptcy of Solutia, Inc., and its further conclusion that mandatory abstention is inapplicable and that discretionary abstention and/or permissive abstention is/are inadvisable. The cause is now before the court on a motion by plaintiffs asking that the court "sever[ ] out their claims against all Defendants other than Pharmacia Corporation f/k/a Monsanto Corporation and Solutia, Inc. and [remand] the claims against all other Defendants to the Circuit Court of Hinds County, Mississippi." Responses to this motion have been filed by a number of the defendants. Having considered plaintiffs' motion, together with defendants' responses and other pertinent authorities, the court concludes that plaintiffs' motion should be denied.

Plaintiffs' position, as the court understands it,[1] is that the only claims in the case that are claims against any defendants that are even arguably "related to" Solutia's bankruptcy, other than the claims against Solutia itself, are those against Pharmacia f/k/a Monsanto,[2] and that the claims against the remaining defendants do not satisfy the test for "related to" bankruptcy jurisdiction. The responding defendants argue that in view of plaintiffs'

allegations of conspiracy and joint and several liability in the complaint, it is apparent that any judgment in favor of plaintiffs against any defendant could have a conceivable effect on Solutia's bankruptcy estate. *See In re Wood,* 825 F.2d 90, 94 (5th Cir.1987)(test for "related to" is whether outcome of proceeding could have any conceivable impact on the estate being administered in bankruptcy). Indeed, as these defendants note, by their own allegations, plaintiffs seek to impose liability for the joint conduct of all defendants, alleging that all defendants acted in concert to cause plaintiffs to suffer damages. Defendants submit, and the court agrees, that if the plaintiffs were to succeed against some but not all defendants, the bankruptcy estate could bear a larger or smaller share of the judgment, depending on the nature of the judgment and the indemnity agreement tying Solutia to any judgment against Pharmacia. Moreover, claims for contribution and/or indemnity between or among Pharmacia (and, by extension, Solutia) and the remaining defendants could arise if any defendant is obligated to pay damages in an amount disproportionate to its share of fault. *See id.* 825 F.2d at 94 (holding that claim against third party was related to bankruptcy because any liability would be shared by estate and third party).

In their rebuttal brief, plaintiffs argue that the mere *potential* that a claim for contribution *may arise* at some future time in an insufficient basis for finding "related to" jurisdiction, and that in any event, the court would not be justified in ascertaining its jurisdiction based on the mere allegations of plaintiffs' complaint (i.e., conspiracy allegations) and that the

---

**1.** Plaintiffs filed no new brief in support of this motion but rather incorporated the brief they had submitted in support of their initial motion to remand.

**2.** Plaintiffs do not specifically concede that they are related, but acknowledge that the court has so concluded.

"appropriate remedy" is instead "to remand and allow appropriate discovery in the proper forum." The court rejects both arguments.

█ First, the fact that a claim for contribution is no more than a possibility at this point in time and not a present reality does not foreclose a conclusion that the claims are "related to" the Solutia bankruptcy. *See In re Dow Corning*, 86 F.3d 482 (6th Cir.1996) (holding that bankruptcy jurisdiction can exist based on potential claims of contribution and indemnity against the debtor). Moreover, there is no merit to plaintiffs' suggestion that in determining whether the plaintiffs' claims against these non-debtor defendants are "related to" Solutia's bankruptcy so as to support bankruptcy jurisdiction, this court should disregard their allegations because discovery may prove them unsupportable.

█ In sum, the court concludes that given plaintiffs' allegations of joint tortious conduct by debtor and non-debtor defendants, the exercise of "related to" jurisdiction against the claims against all defendants is warranted and advisable. The court would observe further, though, that even were the claims against the other non-debtor defendants not sufficiently "related to" Solutia's bankruptcy to bring them within the court's bankruptcy jurisdiction, it appears that the court would nevertheless have supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 which it would choose to exercise.

In *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 454 (5th Cir.1996), the plaintiffs, believing they had sustained injuries and illnesses stemming from toxic chemicals used in or generated by an oil and gas well near their home, filed suit in Texas state court against nearly thirty defendants, including the owners and operators of the well, the companies that serviced the well, and the individuals responsible for developing and selling the home, alleging claims of strict liability, negligence, gross negligence and products liability. One of the defendants, The Western Co., was in bankruptcy at the time the suit was filed and removed the case to federal court pursuant to 28 U.S.C. § 1452(a) claiming that the Doddys' suit related to its bankruptcy proceedings. After the district court granted summary judgment in favor of the debtor Wester, the plaintiffs moved to remand, contending that the district court automatically lost subject matter jurisdiction over the case when the bankruptcy-related claims dropped out before trial. *Id.* at 456. The motion was denied. On appeal, the Fifth Circuit concluded that although the case may have ceased being bankruptcy-related with the dismissal of Western, the court could nevertheless exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and had not abused its discretion in doing so.[3]

**3.** Prior to *Doddy,* in a case which raised the question whether the *bankruptcy courts* have supplemental jurisdiction under § 1367 (the court concluded they did not), the Fifth Circuit declined to address "the difficult question of whether a district court may address claims that are supplemental to its bankruptcy jurisdiction." *Matter of Walker,* 51 F.3d 562, 570 (5th Cir.1995) (citing Susan Block–Lieb, *The Case Against Supplemental Jurisdiction: A Constitutional, Statutory, and Policy Analysis,* 62 Fordham L.Rev. 721 (1994), which discussed arguments against district courts exercising jurisdiction supplemental to their bankruptcy jurisdiction and described cases). However, while the author of the cited article argued against the finding, she recognized that the courts "have nearly uniformly concluded that there exists (district court) jurisdiction supplemental to bankruptcy jurisdiction," 62 Fordham L.Rev. at 728, and in *Doddy,* where the issue of a district court's supplemental jurisdiction was presented, the Fifth Circuit found that such jurisdiction did exist.

Although *Doddy* held that a district court had supplemental jurisdiction over a case after the court's bankruptcy jurisdiction ceased to exist, i.e., the court's exercise of supplemental jurisdiction *followed* an exercise of bankruptcy jurisdiction when the latter terminated, courts have similarly held that where a district court has bankruptcy jurisdiction over some claims in a case, the court's supplemental jurisdiction under § 1367 extended to other claims that, while not related to the bankruptcy case, "are so related to claims in the action within [the court's bankruptcy jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." [4] *See, e.g., In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 115 (2nd Cir.1992) ("Given an independent jurisdictional source like that provided by § 1334(b), federal courts possess supplemental jurisdiction over related claims... Even without an independent source of jurisdiction over [such related claims], § 1367(a) therefore vested the [district court] with jurisdiction over them as related claims forming part of the same case pending before it."); *Liberty Mut. Ins. Co. v. Lone Star Industries, Inc.,* 313 B.R. 9, 21 (D.Conn.2004) (concluding that while it was not clear to what extent a bankruptcy court can exercise supplemental jurisdiction over state law claims, the power of the district court to adjudicate state law claims through supplemental jurisdiction was "not in question," and that such jurisdiction exists so long as the "'state and federal claims ... derive from a common nucleus of operative fact' ... such that a court would 'ordinarily be ex-

pected to try them all in one judicial proceeding.'") (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *NVF Co. v. New Castle County,* 276 B.R. 340, 348 (D.Del. 2002) (stating that while some courts have held that § 1367 does not extend supplemental jurisdiction to bankruptcy courts, district courts do have jurisdiction under that provision).

Regardless of whether the claims against all the non-debtor defendants fall within this court's bankruptcy jurisdiction, it is indisputable that the claims against these defendants "form part of the same case or controversy" and "derive from a common nucleus of operative fact" so as to meet the demands of § 1367(a) and Article III. *See State Nat. Ins. Co. Inc. v. Yates,* 391 F.3d 577, 579 (5th Cir.2004) (applying *Gibbs's* "common nucleus" test in the analysis of supplemental jurisdiction); *see also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) ("The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."). Here, it is evident that the interrelationship of plaintiffs' claims against the various defendants makes it impractical to break the case into pieces to be tried separately, and that instead, plaintiffs' claims, as pled by plaintiffs themselves,

4. Section 1367(a) provides as follows:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

are such that they would be expected to try them together.

For these reasons, therefore, the court concludes that plaintiffs' motion to sever and remand should be denied.