The CITY OF EL PASO, TEXAS, Plaintiff,

v.

EL PASO ENTERTAINMENT, INC., et al., Defendants.

Civil Action No. 07–CV–00380–KC.

United States District Court, W.D. Texas, El Paso Division.

Feb. 29, 2008.

Hadley A. Huchton, City Attorney's Office, El Paso, TX, for Plaintiff.

Thomas Sanders Hughes, Attorney at Law, El Paso, TX, Gilbert H. Levy, Attorney at Law, Seattle, WA, for Defendants.

### ORDER

Kathleen Cardone, District Judge.

On this day, the Court considered Defendants' Motion to Dismiss ("Motion").

For the reasons set forth herein, the Motion is **DENIED.**

## I. BACKGROUND

In April 1995, this Court entered an "Agreed Judgment and Permanent Injunction" ("Judgment and Injunction") in the case of *El Paso Entertainment, Inc. v. The City of El Paso, Texas,* No. EP–94–cv–322. *See generally El Paso Entertainment, Inc. v. The City of El Paso, Texas,* No. EP–94–cv–322, Agreed Judgment and Permanent Injunction of April 17, 1995. That case involved a dispute over the application of certain provisions of the El Paso Municipal Code which regulated the operation of "Adult Businesses" in the City of El Paso ("City"). *Id.* at 1. The Plaintiff in that case, El Paso Entertainment, Inc., one of the Defendants in the instant case, filed suit seeking injunctive and declaratory relief and damages, maintaining that the City's adult business zoning restrictions violated its rights under the First and Fourteenth Amendments of the United States as well as Article 1, § 8 of the Texas Constitution. *Id.*

The Court granted Plaintiff's motion for partial summary judgment based upon the case of *Woodall & Coutta v. City of El Paso,* No. EP–88–CA–127.[1] *Id.* at 1–2. The Court entered an Order permanently enjoining the City from enforcing the sections of the City's adult business zoning ordinances against the El Paso Entertainment to the extent the enforcement is based upon "a contention that [El Paso Entertainment's] current business location does not meet the location requirements of the ordinances." *Id.* at 2. The Court also left for the jury the issue of damages. *Id.*

After the Court granted partial summary judgment, the parties settled the case and sought to enter into an agreed judgment. *Id.* In the resulting Judgment and Injunction, the Court set forth the terms of that settlement as well as the terms of the permanent injunction. *Id.* at 2–4. According to the Judgment and Injunction, the parties agreed that the Court should award Plaintiff El Paso Entertainment $15,000 in damages with each party to bear their costs and attorneys fees. *Id.* The parties also agreed to the entry of the Permanent Injunction against the City of El Paso preventing the City from enforcing any adult business ordinances against two clubs, Foxy's Nightclub and the Lamplighter Lounge, so long as they continue their operation at their then current locations and operated by their then current owners. *Id.* at 2–3. The terms of the Permanent Injunction such as the zoning ordinances at issue, the locations of the clubs, the ownership of the clubs, certain definitional terms, and certain exceptions were included in the text of the Judgment and Injunction. *Id.* at 3–4.

According to Plaintiff's Complaint, on May 8, 2007, the El Paso City Council enacted Ordinance 016624 ("Ordinance") to license and regulate sexually oriented businesses in El Paso. Pl.'s Compl. ¶ 15. On November 1, 2007, the City of El Paso, filed the instant lawsuit, seeking a declaratory judgment that the 1995 Judgment and Injunction does not bar the City from enforcing the Ordinance against Defendants. *Id.* ¶ 32. On January 8, 2008, Defendant El Paso Entertainment filed this Motion to

---

1. On November 16, 1994, El Paso Entertainment filed a Motion for Partial Summary Judgment, which this Court subsequently granted on February 2, 1995, finding that the City was "collaterally estopped by *Woodall v. City of El Paso,* No. EP–88–CA–127, from asserting the constitutionality of its adult entertainment zoning restrictions." Court Order of February 2, 1995, *El Paso Entertainment, Inc. v. The City of El Paso,* EP–94–CA–322–H, at 1–2 (W.D.Tex. Feb. 2, 1995).

Dismiss for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. Standard

Federal courts are courts of limited jurisdiction. *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Id.* A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). FED.R.CIV.P. 12(b)(1).

A motion to dismiss pursuant to Rule 12(b)(1) must be considered before any other challenge, because a court must have jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994). In ruling upon such motion, a district court is free to weigh the evidence and satisfy itself as to its power over the case. *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir.1992). In making this ruling, the district court may rely upon: (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts in addition to the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

The standard of reviewing a motion to dismiss pursuant to 12(b)(1) depends upon whether the defendant makes a facial or factual challenge to the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981). When the defendant makes a facial attack by the mere filing of a Rule 12(b)(1) motion, the trial court looks to the sufficiency of the plaintiff's allegations, which are presumed to be true. *Id.* When the defendant makes a factual attack by providing affidavits, testimony, and other evidence challenging the court's jurisdiction, the plaintiff must submit facts in support of the court's jurisdiction and thereafter bear the burden of proving that the trial court has subject matter jurisdiction. *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir.1986).

### B. Analysis

In their Motion to Dismiss, Defendants make two arguments in support of their contention that the Court lacks subject matter jurisdiction. The Court will address each in turn.

#### 1. Federal Rule of Civil Procedure 60(b) as the exclusive means to obtain relief from a prior judgment

■ First, Defendants argue that Federal Rule of Civil Procedure 60(b) sets forth the exclusive method by which a party may seek relief from a judgment, and, that the City has failed to seek such Rule 60(b) relief in this case. Defs.' Mot. to Dismiss 2–3. The City responds that Rule 60(b) does not apply because it is not seeking relief from a judgment; rather, it seeks clarification from the Court whether enforcement of the Ordinance against Defendant would comply with the terms of the 1995 Judgment and Injunction. Pl.'s Resp. 4.

Federal Rule of Civil Procedure 60(b) provides a means by which a party may be relieved of a final judgment.[2] FED.R.CIV.P.

---

2. Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

60(b); *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981) (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.1970)).

The City brings this action under the Declaratory Judgment Act, which provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Under the Declaratory Judgement Act, a court may afford a plaintiff with equitable relief when legal relief is not yet available, in order to avoid unfairness which might result from a delay in assessing the parties' legal obligations. *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 839–40 (5th Cir.2003) (citing 28 U.S.C. § 2201); *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir.1988).[3]

The Court need not delve into the particulars of Rule 60(b) because it is inapplicable to the instant case. If the City had sought to modify or vacate the April 1995 Judgment and Injunction, then Rule 60(b) might be implicated. But the City does not seek such relief. Rather, the City brings a declaratory judgment action, asking whether the Judgment and Injunction bars the enforcement of the Ordinance against Defendants. The City believes that it does not and asks the Court to confirm its position. The City's case is not built upon the presumption that the Judgment and Injunction applies to the enforcement of the Ordinance. Nor does the relief that it seeks encompass a challenge to the terms, the fairness, or the ongoing validity of the Judgment and Injunction. In fact, the City does not seek relief from the Judgment and Injunction at all; it seeks relief from the legal uncertainty that has resulted from the intersection of the new Ordinance and the terms of the existing Judgment and Injunction. *See Jackson*, 862 F.2d at 505. This action does not seek to alter the Judgment and Injunction; it asks the Court to set forth the rights and obligations of the parties under the

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED.R.CIV.P. 60(b) (2008).

**3.** "One of the main purposes of the Federal Declaratory Judgment Act was to provide a means to grant litigants judicial relief from legal uncertainty in situations that had not developed sufficiently to authorize traditional coercive relief. Litigants would no longer be put to the Hobson's choice of foregoing their rights or acting at their peril; nor, if they had already acted, would they be forced to wait, for perhaps many years, until the statute of limitations expired, to know whether they had been subjected to some significant liability." *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir.1988) (citing *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 690–91, 27 L.Ed.2d 701 (1971) (opinion of Brennan, J., joined by White, J., and Marshall, J., concurring in part and dissenting in part) (quoting *Hearings on H.R. 5623 before a Subcomm. of the Senate Comm. on the Judiciary*, 70th Cong., 75–78 (1928))).

Judgment and Injunction as it already exists.

Defendants argue that the Fifth Circuit's holding in *Cook v. Birmingham News*, 618 F.2d 1149 (5th Cir.1980), requires that Rule 60(b) be the only procedural remedy available to allow reconsideration of a previously entered judgment once the time for appealing the judgment has passed. Def.'s Reply 4. The Court disagrees, finding *Cook* inapposite to this case.

In *Cook*, the plaintiffs, African–American employees of the Birmingham News Company, brought a Title VII action in federal district court against the News Company and seven historically all-white newspaper worker's unions. *Cook*, 618 F.2d at 1150. Their complaint alleged that the defendants violated Title VII by engaging in a number of racially discriminatory practices. *Id.* After discovery, the district court entered a consent decree setting forth the terms of equal employment goals to which neither party objected. *Id.* Five months after the consent decree, several African American employees complained to the News Company that the union priority system governing days off and vacation time was unfair to black employees. *Id.* at 1151. They argued that because priority was based upon length of membership in the union and because black employees had been excluded for many years from the union, they had less priority than white union members who had worked for the company for a shorter time. *Id.* The News Company agreed and informed the unions that black employees would be given the opportunity to claim seniority based upon length of service with the company. *Id.* Almost three years later, the Union moved the district court to "clarify" the consent decree. *Id.* The court granted the motion to clarify "enjoining the Company from enforcing any seniority system other than that under the applicable collective bargaining agreements as interpreted and applied." *Id.* (internal quotation omitted).

The black employees appealed and the Fifth Circuit held that the district court did not have subject matter jurisdiction to clarify the decree. *Id.* at 1151. The union had argued that the case did not involve the court's power to modify or set aside a consent decree because the union only asked the district court to "interpret" or "clarify" the decree. *Id.* at 1152. The Fifth Circuit dismissed this line of reasoning and found that regardless of whether a motion is framed in terms of clarification or modification, the district court must have treated the proceeding as a Rule 60(b) motion. *Id.* It explained that asking a court to interpret definitively the terms of the decree, and in effect rights of the parties that were previously unclear, is equivalent to seeking a modification to the decree. *Id.* Finally, the Court stated that it could think of "no legal doctrine or rule of civil procedure that even arguably could have empowered the district court to hear, three years after entry of a consent decree that acts a final judgment, a motion to reconsider the decree." *Id.*

The obvious difference between this case and *Cook* is that Plaintiff in this case has filed a declaratory judgment action seeking a declaration of its rights and obligations under the Judgment and Injunction, not a vague motion to clarify with no basis in the Federal Rules of Civil Procedure as did the defendant in *Cook*. In fact, the Fifth Circuit in *Cook* did not address the issue of whether a district court has subject matter jurisdiction over a declaratory judgment action seeking an interpretation of a prior judgment of the court. Rather, the court in *Cook* stated that it knew of no other doctrine or rule that would empower a district court to hear a motion to reconsider a consent decree.

The City has not filed a motion to reconsider a consent decree. Therefore, *Cook* is not on point and does not preclude this Court from hearing this case.

There is a significant distinction between court orders that modify injunctions and those that interpret them. Several courts of appeal have made the distinction clear in the most fundamental way. These courts have held that they do not have appellate jurisdiction over district court orders that merely interpret an injunction though they do have jurisdiction over such orders that modify an injunction. *Frazar v. Hawkins,* 376 F.3d 444, 447 (5th Cir. 2004); *Mikel v. Gourley,* 951 F.2d 166, 168 (8th Cir.1991); *Motorola, Inc. v. Computer Displays Intern., Inc.,* 739 F.2d 1149, 1155 (7th Cir.1984) ("The distinction between an order interpreting an injunction and one modifying an injunction is not always clear, but the distinction determines our jurisdiction. Orders that merely interpret or clarify an injunction are not appealable under § 1292(a)(1)."); *Major v. Orthopedic Equip. Co.,* 561 F.2d 1112, 1115 (4th Cir. 1977); *see* 28 U.S.C. § 1292(a)(1).

The Court need not explore the issue of whether it will interpret or modify the injunction in this case. The Court raises the issue of appellate jurisdiction over injunctions only to demonstrate that there is a distinction between a court's interpretation and a court's modification of an injunction. Because of this distinction, the Fifth Circuit's reasoning in *Cook*—that an Order that will interpret a consent decree is equivalent to an Order that will modify—has limited relevance to the Motion to Dismiss in the instant case. Defendants' argument that Plaintiff's attempt to clarify the injunction is necessarily an attempt to modify, only addressable through Rule 60(b), is an oversimplification of the law

and does not require the finding that Rule 60(b) is the only means of approaching the interpretation of an existing injunction.

## 2. The Court's ancillary jurisdiction to review the Judgment and Injunction

█ In their Motion, Defendants also argue that this Court lacks subject matter jurisdiction to hear this claim. Defs.' Mem. 4. Plaintiff responds that the Court's jurisdiction in this case derives from its ancillary jurisdiction[4] to interpret and enforce its orders. Pl.'s Resp. 6. Defendants appear to agree that the Court does have ancillary jurisdiction to review this matter. Def.'s Reply 2.

█ Although the parties agree that the Court has ancillary jurisdiction, "federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Lewis v. Hunt,* 492 F.3d 565, 568 (5th Cir.2007). The power of a federal court consists of that granted by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citing *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992)). The Declaratory Judgment Act does not provide an independent basis for a court's jurisdiction and "permits the award of declaratory relief only when other bases for jurisdiction are present." *Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir.1980) (citing, *inter alia, Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)). The Court agrees with the parties that its ancillary jurisdiction provides the basis for its subject matter jurisdiction over this case.

4. In 1990, with the passage of 28 U.S.C. § 1367, a federal court's ancillary and pendant jurisdiction, were combined under the umbrella term "supplemental jurisdiction." *State Nat'l Ins. Co. Inc. v. Yates,* 391 F.3d 577, 579 n. 9 (5th Cir.2004); *see* 28 U.S.C. § 1367

The ancillary jurisdiction of federal courts includes matters that are incidental to other matters which are properly before a federal court. *Kokkonen,* 511 U.S. at 378, 114 S.Ct. 1673. Ancillary jurisdiction manifests itself in two separate ways: 1) To permit a single court to dispose of claims that are factually interdependent and 2) "[T]o enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379–80, 114 S.Ct. 1673. A court has ancillary jurisdiction to enforce a settlement agreement that has been made part of a court's order of dismissal either by a specific provision in the order or by inclusion of the settlement agreement in the order. *Id.* at 381, 114 S.Ct. 1673.

In this case, the parties have entered into an agreed judgment, which along with the injunction, were memorialized in detail within the Court's Judgment and Injunction. Because the settlement agreement between the parties as well as the injunction were included in a Court Order, the Court finds that it has ancillary jurisdiction to vindicate its authority and effectuate its decrees by interpreting and clarifying that Judgment and Injunction, sought by Plaintiff's declaratory judgment action.

## III. CONCLUSION

For the reasons set forth above, the Court finds that it does have subject matter jurisdiction over this case. It is therefore **ORDERED** that Defendants' Motion to Dismiss (Doc. No. 13) be **DENIED.**

**SO ORDERED.**