# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41129

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY MINOR,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-317

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM: [*]

Corey Minor, federal prisoner # 14282-078, pleaded guilty pursuant to a plea agreement to mail fraud. As part of the plea agreement, Minor agreed to waive "the right to appeal the conviction and sentence in this case on all grounds." He further agreed "not to contest his sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." He reserved the right, however, to appeal (1) any sentence exceeding the statutory maximum punishment; (2) the validity of the appeal waiver if it was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41129

affected by the ineffective assistance of counsel; (3) an upward departure from the Guidelines; and (4) any mathematical errors by the court in the calculation of the guideline level.

Proceeding pro se, Minor filed a motion to vacate sentence pursuant to § 2255 and memorandum in support, asserting that counsel rendered ineffective assistance by failing to review discovery prior to advising Minor to plead guilty, by advising Minor to plead guilty, by not requesting or obtaining material and exculpatory evidence prior to advising Minor to plead guilty, and by being unfamiliar with Minor's sentencing exposure and with the substantive statute itself. He also contended that the Government failed to hand over exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court adopted the magistrate judge's recommendation to dismiss Minor's claims as barred by the appeal waiver in his plea agreement.

The judgment was entered on September 28, 2012. Minor filed a motion for reconsideration. Although unclear when precisely Minor filed his motion pursuant to the prisoner mailbox rule, the record reflects he did so on a date no earlier than October 31, 2012, the date he signed it. Almost a year later, on September 10, 2013, the district court denied Minor's motion for reconsideration. Within 30 days of this order, Minor filed a notice of appeal. Minor now seeks a certificate of appealability (COA) to challenge the dismissal of his § 2255 claims, and he seeks leave to proceed in forma pauperis (IFP) on appeal.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a prerequisite to the exercise of appellate jurisdiction in a civil case. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). The notice of appeal in a civil action where the United States is a party must be filed within 60 days

of entry of the judgment or order from which the appeal is taken. FED. R. APP. P. 4(a)(1)(B)(i). Minor did not file a notice of appeal within 60 days of the district court's judgment dismissing his § 2255 claims. Nor did he file a motion for reconsideration within the 28-day time limit for filing under Federal Rule of Civil Procedure 59(e). Because the motion for reconsideration was filed more than 28 days after entry of the judgment dismissing his complaint, it must be treated as a Rule 60(b) motion for purposes of Federal Rule of Appellate Procedure 4(a)(4)(A)(v) and (vi). *See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). The filing of a Rule 60(b) motion does not suspend the time for filing a notice of appeal from the underlying judgment. *See* FED. R. APP. P. 4(a)(4); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Where, as here, the notice of appeal is timely only as to the motion to reconsideration, it "does not bring up the underlying judgment for review." *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). Therefore, we consider only the district court's denial of the Rule 60(b) motion.

To obtain a COA, Minor must make a substantial showing of the denial of a constitutional right or show that reasonable jurists could debate whether the issues presented are adequate to deserve encouragement to proceed further. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, a district court dismisses a movant's claims on procedural grounds without reaching the underlying constitutional claims, the movant must show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling in addition to making a substantial showing of the denial of a constitutional right. *Slack*, 529 U.S. at 484.

No. 13-41129

The district court's procedural ruling that Minor's claims are barred by the appeal waiver is debatable by reasonable jurists. *See Slack*, 529 U.S. at 484. By the plain language of the appeal waiver, Minor waived only the right to collaterally challenge his sentence; the appeal waiver was silent with regard to any right to contest the validity of Minor's guilty plea conviction in a collateral proceeding. *See United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). Although the normal procedure would be to order full briefing by all parties, "further briefing on the issue [is] unnecessary," as the issue before us is "indisputably resolved" by Minor's COA application and the record. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). The district court's ruling is clearly contrary to our precedent.

We reach the same result even though our review is limited to the denial of Minor's motion for reconsideration. The appeal of a denial of a motion for reconsideration is reviewed for an abuse of discretion. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014) (internal quotation marks and citation omitted); *see Benson v. St. Joseph Reg'l Health Ctr*., 575 F.3d 542, 547-48 (5th Cir. 2009) (Rule 60(b)(1) motion filed within the time for noticing an appeal). The district court, in denying Minor's motion for reconsideration, maintained that denial was proper "based on the [appeal] waiver," to which Minor knowingly and voluntarily pleaded guilty. Although now considered in the context of a motion for reconsideration, the district court's decision was nevertheless based on an erroneous assessment of the evidence and an error of law. *See Palmer*, 456 F.3d at 488. It was an abuse of discretion. *See Liljeberg Enters., Inc.*, 38 F.3d at 1408.

No. 13-41129

Accordingly, IT IS ORDERED that a COA is GRANTED.  Furthermore, because the district court did not consider the merits of Minor's claims but erroneously dismissed on a procedural ground, the district court's order denying reconsideration because Minor's claims were foreclosed by his appeal waiver is VACATED, and this matter is REMANDED for further proceedings not inconsistent herewith.  Minor's IFP motion is GRANTED.